# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JEFFREY S. CLAY,

        Plaintiff,

vs.

                                                Case No. 3:17-cv-777-J-34JRK

DEPARTMENT OF THE NAVY

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, who is proceeding pro se, initiated this action with a letter to the Court, filed on July 10, 2017. See Letter Re Judicial Review (Doc. 1; Letter). In the Letter, Plaintiff appears to assert a claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against the United States Department of the Navy. However, the Letter is due to be stricken as it does not comply with the Local Rules of this Court, as well as Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).[1] As an initial matter, the form of the Letter is improper in that, under the Local Rules of this Court, applications to the Court "shall not be addressed or presented to the Court in the form of a letter or the like." See Local Rule 3.01(f), United States District Court, Middle District of Florida (Local Rule(s)). The Court could strike the Letter on this basis alone,

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by written request to the Clerk's Office.

however, even if the Court were to construe the Letter as a complaint, it is still due to be stricken for failure to comply with Rules 8 and 10.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial,

the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, Plaintiff initiated this action in the improper form of a letter, failed to utilize separate numbered paragraphs to present his allegations, and failed to set forth his claim or claims in separate counts.[2] As such, it is difficult to discern the basis for Plaintiff's claim or claims, and will be impossible for Defendant to frame a responsive pleading. As such, the Court will strike the Letter for failure to comply with Local Rule 3.01(f) and Rules 8 and 10, and direct Plaintiff to re-plead in the form of a complaint. The complaint shall utilize numbered paragraphs, separate counts, and contain "a short and plain statement" of Plaintiff's claim or claims demonstrating that Plaintiff is entitled to relief. See Rules 8(a)(2), 10(b).[3]

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Letter Re Judicial Review (Doc. 1) is **STRICKEN**.

---

[2] The Court notes that Plaintiff also appears to suggest that the Court contact a person not party to this action to obtain and review documents that are not filed herein. See Letter at 4. While the Court expresses no opinion regarding whether the referenced information is necessary or relevant to this cause, Plaintiff is advised that this Court will not, and indeed cannot, engage in its own independent investigation of his claims. The Court reviews and considers only those matters properly filed on the Court docket.

[3] In preparing the complaint and any future filings, the Court cautions Plaintiff to carefully review the Magistrate Judge's April 5, 2018 Order (Doc. 19) setting forth some of the procedural rules with which Plaintiff must comply. As noted in that Order, for more information, including a Guide for Proceeding Without a Lawyer, Plaintiff may visit the Court's website (www.flmd.uscourts.gov) and click the tab entitled, "'Proceeding Without a Lawyer. See Order (Doc. 19) at 4.

2. Plaintiff shall have up to and including **May 11, 2018**, to file a proper complaint. Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of his case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of April, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties